LEONCIA VÁZQUEZ DE SILVA ET AL., Plaintiffs and Appellants, *v.* HEIRS OF CÁNDIDO DE LOS SANTOS, Defendants and Appellees.

No. 6293.   Argued July 10, 1933.—Decided July 18, 1933.

*Pedro E. Anglade* for appellants.   *José J. Aponte* and *José C. Aponte* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Rule 42 of this court requires that the brief for appellant "shall contain a true and concise statement of the case, as it appears in the record; also an assignment of errors upon which his appeal is based." Appellees moved to dismiss the present appeal because the brief for appellants fails to meet this requirement. Rule 60 provides that: "Upon failure of the appellant to comply with any of these rules imposing any duty or requirement on him, or with the law, the Court may, on any day, dismiss the appeal upon its own motion or, after notice to the appellant, upon motion of the appellee."

The statement of the case thus challenged is in substance: That Cándido de los Santos Boirié had two natural children whom he permitted to use his surname, whom he placed in private schools and whose tuition he paid, whom he kept in the custody of his mother until he married when he took them to his home; that thereafter both of these children, one by reason of his occupation and later by reason of his marriage, and the other by reason of her marriage left the home of their father but that the proper relations between father and children continued; that the father presented these chil-

dren as such to his friends, relatives and acquaintances and in a marked, ostensive and public fashion expressed his satisfaction that God had blessed him by giving him these two children, since his marriage had brought him no legitimate children; that the father before his death in conversation with one of the children and an old friend, speaking of the status of his children, as he called them, said that he had everything in mind for their future, that there was no occasion for worry that he was going to acknowledge them in his will; that Cándido de los Santos died and that his will, which must have been olographic had not been found, and that the children brought this action which the court dismissed, whereupon they took this appeal.

The assignment of errors is: That the district court erred in not granting plaintiffs leave to amend their complaint; that the court erred in rendering judgment on an *ex parte* motion, of which no notice was given plaintiffs, without giving plaintiffs any opportunity to assert their rights in opposition to the motion for a judgment and for costs, thereby depriving plaintiffs of their day in court; and that the judgment is contrary to law.

The primary purpose of the statement of the case required by Rule 42 is to set forth the facts upon which the assignment of errors is based. The so-called statement of the case above outlined signally fails to perform that office. It contains no information as to how, when, or in what circumstances, the district court erred in not granting plaintiffs leave to amend their complaint. It makes no mention of any motion for judgment. It gives no inkling of the facts which gave rise to the contention that the judgment is contrary to law. It utterly fails to disclose how any of the questions indicated by the assignment of errors arose in the district court.

Instead of dismissing the appeal at this time, as might be done under Rule 60, *supra,* plaintiffs will be given 15 days within which to file a new brief.